UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LONG,<br>    Plaintiff,<br><br>v.<br><br>FAIRBANK FARMS, INC., et al.<br>    Defendants and<br>    Third-Party Plaintiffs<br><br>v.<br><br>GREATER OMAHA PACKING<br>COMPANY, INC.<br>    Third-Party Defendant | Civil Action<br>Docket No. 1:09-cv-592-GZS |

**MOTION TO EXCLUDE EXPERT OPINION**

NOW COMES Third-Party Defendant, Greater Omaha Packing Company, Inc. (hereinafter "GOPAC") pursuant to Federal Rule of Evidence 702 and the Court's scheduling orders, and moves to exclude from evidence the opinions expressed by experts designated by Defendant Fairbank Farms, Inc., et al. (hereinafter "Fairbank") on the following grounds:

**I.**

# REDACTED

This case presents claims for personal injuries resulting from illness associated with consumption of ground beef produced by Defendant Fairbank which is contaminated with *E. coli* 0157:H7. Fairbank has, via its responses to Plaintiff's Request for Admissions and otherwise, admitted liability to Plaintiff. *See Exhibit 1 – Fairbank Response to Request for Admissions.*

Fairbank's Third-Party claim against GOPAC is premised on the theory that ". . . on September 11, 2009, GOPAC manufactured and supplied raw beef trim to Fairbank, which was used by Fairbank to process ground beef products on September 14, 15 and 16, 2009" and that any defect in the ground beef product manufactured by Fairbank was "as the result of the defective raw beef trim supplied by GOPAC

1

which alone caused the harm, to the Plaintiff." *First Am. Third-Party Complaint, Filing No. 51,* ¶¶*16, 49.* Fairbank has also generally alleged the Plaintiff's *E. coli* 0157:H7 infection was one of a cluster of such infections in New England (the "outbreak" or "Northeast Outbreak"). *Id.* ¶¶*16-19.*

**REDACTED**

Fairbank has designated four experts, who have, to varying degrees, espoused this theory. *See: Exhibit 2 - Fairbank Expert Witness Designation; Marsden report at [non numbered] page 5, ¶8; Hoffman report at page 13 (referencing chart to Culver City) and page 15 ¶10; Melnick report page 4, ¶¶4 and 5; Harrison report – page 4, ¶4.*

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharms, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court held that Rule 702 imposes a gate-keeping role on the trial judge to ensure "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. at 597, 113 S.Ct. 2786. Thus, the objective of the gate-keeping requirement is to ensure both reliability and relevancy. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 1176 (1999). "Regardless of what factors are evaluated, the main inquiry is whether the proffered expert's testimony is sufficiently reliable." *Brown v. Wal-Mart Stores, Inc.* 402 F.Supp.2d 303, 307-308 (D.Me., 2005), citing *First Union Nat. Bar' v. Benham,* 423 F.3d 855, 861 (8th Cir. 2005).

REDACTED

This theory fails to pass muster under *Daubert*

REDACTED

Q. And it's different from more probable than not?
A. That is correct and I intentionally used that terminology. *See Exhibit 3 - Deposition Transcript of James L. Marsden, PhD. at pp. 79-80).*

4

Further, Dr. Marsden conceded that his colonization theory is only "an emerging one" and that there is no scientific consensus, nor any treatises or peer-reviewed articles which support this theory. *Id. at pp. 88-90.* Finally, Dr. Marsden emphasized that this theory is in its infancy:

> Q. Is a state of scientific thought on this point an early point or just research grants are being discussed or getting underway to explore it as a possibility?
> [Objection omitted]
> A. I don't know that it has even gone that far.
> *Id at pp. 88-89.*

REDACTED

II. <u>The opinions of Fairbank's experts must be excluded in their entirety because they were based on incomplete and misleading records.</u>

REDACTED

REDACTED

For these reasons, GOPAC respectfully seeks an Order excluding from evidence the opinions of Fairbank's experts in their entirety.

DATED at Portland, Maine, this day, January 10, 2011.

        Attorneys for Third Party Defendant
        Greater Omaha Packing Company, Inc.

        DOUGLAS, DENHAM, BUCCINA & ERNST

BY:   /s/ Alison A. Denham
        Alison A. Denham, Esq., Maine Bar #2503
        Douglas, Denham, Buccina & Ernst
        103 Exchange Street, P.O. Box 7108
        Portland, ME 04112-7108

NOLAN, OLSON & STRYKER

BY: /s/ Brian D. Nolan
 Brian D. Nolan, Esquire, NE Bar # 17764
 Nolan, Olson & Stryker, P.C., L.L.O.
 Two Old Mill, Suite 240
 10855 West Dodge Road
 Omaha, Nebraska 68154-2666

BY: /s/ Susan L. Stryker
 Susan L. Stryker, Esquire, NE Bar #18478
 Nolan, Olson & Stryker, P.C., L.L.O.
 Two Old Mill, Suite 240
 10855 West Dodge Road
 Omaha, Nebraska 68154-2666

## CERTIFICATE OF SERVICE

I certify that I have filed **Third-Party Defendant Greater Omaha Packing Company, Inc.'s Motion to Exclude Expert Opinion** via the Court's ECF system on this 10th day of January, 2011, and a notice will be sent by ECF to:

William D. Marler, Esquire
David W. Babcock, Esquire
Marler Clark LLP PS
701 Fifth Avenue, Ste. 6600
Seattle, MA 98104
bmarler@marlerclark.com
dbabcock@marlerclark.com

Paul C. Catsos, Esquire
Elizabeth G. Knox Peck, Esquire
Thompson & Bowie LLP
Three Canal Plaza
PO Box 4630
Portland, ME 04112
pcatsos@thompsonbowie.com
epeck@thompsonbowie.com

Brian D. Nolan, Esquire
Susan Stryker, Esquire
Nolan, Olson & Stryker, P.C., L.L.O.
Two Old Mill, Suite 240
10855 West Dodge Road
Omaha, Nebraska 68154-2666
BNolan@nolanolson.com
SStryker@nolanolson.com

Peter C. Felmly, Esquire
Drummond Woodsum
84 Marginal Way, Ste. 600
Portland, ME 04101
pfelmly@dwmlaw.com

Ralph A. Weber, Esquire
Shawn K. Stevens, Esquire
Gass Weber Mullins LLC
309 North Water Street, Ste. 700
Milwaukee, WI 53202
weber@gasswebermullins.com
stevens@gasswebermullins.com

BY: /s/ Alison A. Denham
Alison A. Denham, Esq.
Attorney for Third Party Defendant
Greater Omaha Packing Company, Inc.

9