## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| *MARGARET LONG,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 1:09-cv-592-GZS* |
| | ) | |
| *FAIRBANK FARMS, INC., et al.,* | ) | |
| | ) | |
| *Defendants and* | ) | |
| *Third-Party Plaintiffs* | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| *GREATER OMAHA PACKING* | ) | |
| *COMPANY, INC.,* | ) | |
| | ) | |
| *Third-Party Defendant* | ) | |

**************************************************************************

| | | |
|---|---|---|
| *ALICE SMITH,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:10-cv-60-GZS* |
| | ) | |
| *FAIRBANK FARMS, INC., et al.,* | ) | |
| | ) | |
| *Defendants and* | ) | |
| *Third-Party Plaintiffs* | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| *GREATER OMAHA PACKING* | ) | |
| *COMPANY, INC.,* | ) | |
| | ) | |
| *Third-Party Defendant* | ) | |

## *AMENDED ORDER ON GOPAC'S REQUEST FOR REDACTIONS OF DECISION*[1]

On May 31, 2011, I issued a Memorandum Decision on Motion To Exclude and Recommended Decision on Motions for Summary Judgment ("Decision") (Docket No. 209, *Long*; Docket No. 182, *Smith*) in which I directed the Clerk of the Court to seal the Decision and the parties to notify me by noon on Friday, June 3, 2011, whether the Decision contained any confidential information that should remain sealed. If so, I instructed the parties to indicate explicitly what language was proposed to be redacted, with due regard to the public's interest in access to court proceedings.

Third-party defendant Greater Omaha Packing Company, Inc. ("GOPAC") requested that, if the entire order were not sealed, portions pertaining to (i) non-party Culver City Meat Packing Company ("Culver City") and (ii) certain deposition testimony of one of GOPAC's experts, Gerald Zirnstein, Ph.D., be redacted as shown in an exemplar that GOPAC attached to its request. *See* Docket Nos. 210, 210-1, *Long*; Docket Nos. 183, 183-1, *Smith*. The Fairbank Farms, Inc. third-party plaintiffs (collectively, "Fairbank") filed a response opposing any sealing or redaction of the Decision. *See* Docket No. 216, *Long*; Docket No. 187, *Smith*.

GOPAC sought the proposed redactions primarily on the basis of concerns that the public, without legal training, would not understand the dynamic that the court on summary judgment is constrained to view the facts in the light most favorable to the nonmoving party, as a result of which GOPAC's and Culver City's businesses could be significantly impacted by an unfair association of their products with *E. coli* O157:H7 and the outbreak of illness. *See* Docket No. 210, *Long*, at 2;

---

[1] This amended order substitutes the word "unsealed" for the word "redacted" in the final sentence. No other change is made.

Docket No. 183, *Smith* at 2. GOPAC reasoned that because the facts of the matter continue in dispute, this information should continue to be protected from disclosure until presented to a jury. *See id*. GOPAC also noted that (i) at the request of Culver City, a customer of GOPAC that is not a party to this action, GOPAC's counsel had designated references to Culver City as "CONFIDENTIAL" pursuant to the confidentiality orders entered in these cases, and (ii) Dr. Zirnstein's testimony contains information that has been recognized by the United States Department of Agriculture ("USDA") as confidential pursuant to exceptions to the Freedom of Information Act ("FOIA") that protect sensitive and confidential information. *See id.* GOPAC requested that this court apply the same standards used by the USDA pursuant to the FOIA. *See id*. at 2-3.

Fairbank argued that (i) FOIA standards are inapposite, (ii) redaction of court decisions requires compelling justification, and (iii) GOPAC offers no such justification, relying instead on fears of public embarrassment and a purported interest in shielding non-party Culver City even though Culver City is both an innocent purchaser and was fully capable of seeking redaction of the Decision had it wished to do so. *See* Docket No. 216, *Long*, at 2-3; Docket No. 187, *Smith* at 2-3 (quoting, *inter alia*, *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification").

After careful review of the parties' papers, I **REJECT** all of the redactions proposed by GOPAC. Fairbank is correct that FOIA standards are inapposite. "Under the common law, there is a

long-standing presumption of public access to judicial records." *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005). "This presumption of access helps safeguard the integrity, quality, and respect in our judicial system, and permits the public to keep a watchful eye on the workings of public agencies." *Id*. (citation and internal quotation marks omitted).

The right of public access to judicial records is not absolute, and "it is within a court's discretion to curtail" it, for example, "to prevent judicial records from being used to gratify private spite or promote public scandal, or to prevent [such] records from becoming reservoirs of libelous statements for press consumption or sources of business information that might harm a litigant's competitive standing." *Id*. (citations and internal punctuation omitted). Still, "only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (citation and internal punctuation omitted). *See also, e.g., Panse v. Shah*, 201 Fed. Appx. 3, 3 (1st Cir. 2006) ("Sealing is disfavored as contrary to the presumption of public access to judicial records of civil proceedings. It is justified only for compelling reasons and with careful balancing of competing interests.") (citations omitted).

The "compelling reasons" standard applies with equal force to summary judgment opinions as to trials. *See, e.g., Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events. Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion.") (citations and internal quotation marks omitted).

GOPAC offers no compelling reasons for the proposed redactions. At heart, it identifies concerns potentially faced by all litigants – that its business as well as that of its non-party customer,

Culver City, could be cast in an unfair negative light and, accordingly, harmed as a result of public misunderstanding of the summary judgment process. Yet, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

Consistent with this order, an unsealed version of the Decision shall be made publicly available on the Court's docket forthwith.

**SO ORDERED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 22nd day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
