# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

MARGARET LONG,                                )
                                              )
        Plaintiff,                 )
                                              )
v.                                            )     Docket no. 1:09-cv-592-GZS
                                              )
FAIRBANK FARMS                                )
RECONSTRUCTION CORP.,                         )
                                              )
        Defendant & Third-Party    )
        Plaintiff,                 )
                                              )
v.                                            )
                                              )
GREATER OMAHA PACKING                         )
COMPANY, INC.,                                )
                                              )
        Third-Party Defendant.     )
                                              )

## ORDER ON MOTION IN LIMINE
### RE:  Fairbank's Subsequent Remedial Measures

Before the Court is the Motion in Limine to Permit Introduction of Evidence of Subsequent Remedial Measures Taken by Fairbank Farms by Third-Party Defendant Greater Omaha Packing Company, Inc. ("GOPAC") (Docket # 268).  The Motion is hereby DENIED WITHOUT PREJUDICE to GOPAC's right to ask this Court to reconsider this ruling based on the record developed at trial.

With this Motion, GOPAC seeks a pretrial ruling that the Court will admit evidence that Fairbank changed its testing platform following the Northeast Outbreak from a platform based primarily on the lateral flow test to a platform based primarily on PCR/DNA assay technology. Recognizing the limits imposed by Federal Rule of Evidence 407, GOPAC contends this evidence will be offered for three other purposes:  (1) to show it was feasible in September 2009 for Fairbank to have had a different—and more sensitive—testing platform, (2) to show the changes Fairbank made to its testing platform after the Northeast Outbreak were mandated by a

government agency, and (3) to show that GOPAC was less likely to have been the source of the *E. coli* contamination.

As to GOPAC's first basis, the feasibility argument fails because Fairbank has not contested the issue of feasibility and indicates it will not contest feasibility at trial. See Raymond v. Raymond Corp., 938 F.2d 1518, 1523 (1st Cir. 1991) (stating that the "exception only applies if feasibility is controverted"). Indeed, Fairbank has indicated that it in fact was feasible to implement the new testing platform prior to the Northeast Outbreak. Bogosian v. Mercedes-Benz of North America, Inc., 104 F.3d 472, 481 n.17 (1st Cir. 1997) (citing Gauthier v. AMF, Inc., 788 F.2d 634, 637-38 (9th Cir. 1986)). GOPAC's feasibility argument is predicated upon Fairbank's denial of the following statements in GOPAC's Statement of Material Facts in Support of its Motion for Summary Judgment:

> 24.     In September 2009 it would have been feasible for [Fairbank] to sample and test each formulated batch of raw ground product; and
>
> 26.     Use of PCR/DNA assay technology on [Fairbank's] finished product was available and feasible in September, 2009.

Fairbank's Opposing Statement of Material Facts denied both statements, and GOPAC mistakenly characterizes Fairbank's denial as raising the issue of feasibility. Fairbank denied GOPAC's proposed facts because Mr. Biela's testimony did not support GOPAC's statements; not because Fairbank disputed that the procedures were feasible in September 2009. The Biela testimony GOPAC cites in support of its statements actually supports Fairbank's argument—Mr. Biela did not contest feasibility; rather, he stated that it would have been feasible to implement the new platform before the Northeast Outbreak. Nonetheless, should Fairbank put the feasibility at issue during trial, GOPAC is free to renew its request to admit evidence of Fairbank's subsequent remedial measures to rebut Fairbank's assertion.

GOPAC alternatively argues that evidence of Fairbank's subsequent remedial measures is admissible under an exception to Rule 407 where evidence of remedial action was mandated by a governmental authority. However, GOPAC failed to cite specific evidence of a government agency mandating that Fairbank change its testing procedures. Fairbank, on the other hand, cites substantial testimony that it implemented the new testing platform on its own initiative and not in

response to a government mandate.  Accordingly, on the record presented the Court does not find that Fairbank's subsequent testing regime falls within any government mandate exception.

Finally, GOPAC seeks to admit results from Fairbank's post-outbreak testing regime claiming the results are relevant to the proximate causation issue.  Certainly, GOPAC may seek to introduce evidence of any shortcomings in Fairbank's pre-outbreak testing as this is relevant to the reasonableness of Fairbank's failure to detect any *E. coli* defect.  GOPAC may also seek to introduce evidence of more effective testing measures that Fairbank might have used to detect *E. coli* contamination.  However, the Court will exclude evidence of a "higher incidence of positive events" under Fairbank's new post-outbreak testing under Rule 407 and Rule 403.  In the Court's opinion, introduction of this evidence would inevitably and improperly focus the jury's attention on subsequent remedial measures thereby confusing the issues.  In the Court's pretrial assessment, the probative value of results under Fairbank's post-outbreak testing regime is substantially outweighed by all of the countervailing Rule 403 interests.

For these reasons, the Court DENIES GOPAC's Motion.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 25th day of October, 2011.