**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MARGARET LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:09-cv-592-GZS |
| | ) |
| FAIRBANK FARMS | ) |
| RECONSTRUCTION CORP., | ) |
| | ) |
| Defendant & Third-Party | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREATER OMAHA PACKING | ) |
| COMPANY, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

**ORDER ON MOTION IN LIMINE**

**RE:  Production Issues Outside the Scope of the Recall**

Before the Court is the Motion in Limine to Exclude Evidence of Irrelevant Production Issues Outside the Scope of the Recall submitted by Third-Party Plaintiff Fairbank Farms Reconstruction Corp. (Docket # 316).  Fairbank seeks to exclude four categories of evidence. The Court will address each category in turn.  The Motion is hereby GRANTED IN PART AND DENIED IN PART.

**I.    Evidence of Product Received from Martin's Abbatoir Containing Elevated Listeria Levels**

DENIED.  Existing expert testimony raises an inference that the presence of listeria in raw product supplied by Martin's Abbatoir ("Abbatoir") suggests a greater likelihood that other pathogens—specifically *E. coli*—were also present in Abbatoir's product.  GOPAC's expert has testified that Abbatoir's listeria problem suggests a general lack of microbial control at Abbatoir and, therefore, that Abbatoir may have been more likely to be the source of other contamination, including the *E. coli* contamination at issue in this case.  Moreover, at this preliminary stage the

Court finds that evidence of listeria contamination does not carry a substantial risk of unfair prejudice under Fed. R. Evid. 403.

**II.     Evidence of Non-Compliance Reports and Memoranda of Interviews Issued by FSIS to Fairbank Outside September 14-16, 2009**

GRANTED IN PART AND DENIED IN PART.  Sanitary conditions at Fairbank's Ashville plant at the time of the *E. coli* outbreak at issue here are relevant to whether GOPAC was more or less likely to have been the source of the *E. coli*. USDA/FSIS Noncompliance Reports ("NRs") and Memoranda of Interview ("MOIs") issued to Fairbank detail sanitary conditions at Fairbank's Ashville plant at the time of the outbreak and, therefore, are admissible relevant evidence.  However, to the extent that NRs and MOIs issued to Fairbank do not touch on the sanitary conditions at Fairbank's Ashville plant at the time of the outbreak, they are irrelevant to the instant case and Fairbank is entitled to seek to exclude such NRs and MOIs at trial.  Moreover, Fairbank's fault relative to the outbreak is not, as GOPAC asserts, an issue for the jury's consideration for reasons explained in the Court's Order on Choice of Law & Comparative Negligence (Docket # 345).  Likewise, whether or not Fairbank was on notice of sanitary conditions at its Ashville plant in the months leading up to the outbreak, and Fairbank's alleged failure to take steps to remedy known sanitation problems, are not issues for the jury's consideration.  Accordingly, NRs and MOIs indicating only Fairbank's relative fault, notice of sanitary conditions in the months leading up to the outbreak at issue, and its alleged failure to remedy sanitation problems are irrelevant and excluded.

**III.    Evidence of Earlier Recalls of Fairbank Products**

GRANTED.  Fairbank seeks to preclude GOPAC from introducing evidence concerning Fairbank's product recalls in 2002, 2007, and 2008.  GOPAC opposes Fairbank's motion and seeks to introduce the 2002 and 2007 recalls as evidence that Fairbank was on notice that its testing systems were ineffective.[1]  Whether or not Fairbank was on notice that its testing systems were ineffective is not an issue for the jury in this case.  Moreover, evidence of earlier recalls involving different products and raw materials could mislead and confuse the jury.

---

[1] GOPAC concedes that Fairbank's 2008 recall is not relevant to the instant case, as the 2008 recall arose from concerns that pieces of plastic may have been contained in Fairbank product.

**IV.    Evidence that Other Fairbank Product Tested Positive for *E. coli* 0157:H7 After the Recall Period**

GRANTED.   Fairbank seeks to exclude from evidence test results in the months following the Northeast outbreak and recall period that its product tested positive for *E. coli*. These subsequent test results carry almost no probative value in determining the source of the outbreak at issue in this case and carry a significant risk of unfairly prejudicing Fairbank by focusing the jury's attention away from the outbreak at issue toward subsequent outbreaks. Moreover, evidence of subsequent positive tests will require that Fairbank distinguish them by introducing additional evidence concerning new testing procedures, products and suppliers introduced in the months following the Northeast outbreak.  Introducing evidence of new testing procedures violates Fed. R. Evid. 407's prohibition against subsequent remedial measures and the Court has indicated that it will not allow this evidence in its separate ruling on GOPAC's Motion in Limine to Permit Introduction of Evidence of Subsequent Remedial Measures (Docket # 268).


These preliminary pre-trial rulings are made in order to assist the parties in preparing for trial.  All of these rulings are made WITHOUT PREJUDICE.  Fairbank is free to renew any of these objections at trial.  To the extent the Court has excluded any evidence, GOPAC is free to make a proffer at trial at the appropriate time outside the hearing of the jury.


SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 25th day of October, 2011.

3