UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket no. 1:09-cv-592-GZS |
| | ) |
| FAIRBANK FARMS | ) |
| RECONSTRUCTION CORP., | ) |
| | ) |
| Defendant & Third-Party | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREATER OMAHA PACKING | ) |
| COMPANY, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

## ORDER ON MOTION IN LIMINE

### RE:  Discovery Disputes

Before the Court is Third-Party Plaintiff Fairbank Farms Reconstruction Corp. ("Fairbank's") Motion in Limine to Exclude Reference to Discovery Disputes (Docket # 320). Fairbank's Motion is hereby GRANTED IN PART & DENIED IN PART WITHOUT PREJUDICE to Fairbank renewing its objections at trial.

During the discovery stage of this litigation the parties had multiple hard-fought discovery battles, including the production of a Food Safety Assessment report ("FSA") drafted by the Food Safety Inspection Service ("FSIS") regarding Fairbank.  The Court reads the present motion in limine to have nothing to do with the admissibility of the actual FSA but only the apparently circuitous process by which the FSA was produced during discovery.

To the extent that Fairbank's Motion can be read as simply seeking to have this Court exclude lines 4-9 from page 190 of the allegedly designated portions of Dr. Caryann Bostwick's August 10, 2011 deposition, the Motion is GRANTED.  The Court hereby excludes those six lines, which are apparently attributable to counsel.  In responding to this Motion, GOPAC explains the Dr. Bostwick will testify by deposition designation and her deposition was held on

two dates because of Fairbank's delay in producing the FSA report. GOPAC asserts the result is "unavoidable duplication of questions and answers" and that "the jury should be permitted to know why Dr. Bostwick's deposition required two sessions." (GOPAC Response at 7.) By way of a separate order, the Court will resolve any further specific objections regarding Bostwick's deposition designation.

At trial, the Court intends to limit any discussion of prior discovery disputes that would distract the jury from the key issues remaining for resolution. However, the Court will allow cross-examination of any witness on prior denials of the existence of the FSA, to the extent that the denial may be relevant to the issue of credibility. The Court will rule on objections to any such questions when and if they are interposed.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 25th day of October, 2011.