UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:09-cv-592-GZS |
| | ) |
| FAIRBANK FARMS | ) |
| RECONSTRUCTION CORP., | ) |
| | ) |
| Defendant & Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREATER OMAHA PACKING COMPANY, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

**ORDER ON MOTION IN LIMINE**

**RE: Alleged Document Falsification, "Hot Day" Protocols, Product Labeling and McKee Termination**

Before the Court is the Motion in Limine to Exclude Evidence of Alleged Falsification of Document, "Hot Day" Protocols, Diversion of Positive Tested Product and McKee Termination by Third-Party Defendant Greater Omaha Packing Company, Inc. ("GOPAC") (Docket # 275). As to the McKee termination issue, the Court RESERVES RULING. As to all other issues, the Motion is DENIED WITHOUT PREJUDICE to GOPAC's renewing these objections at trial.[1]

With this Motion, GOPAC seeks to exclude evidence relating to (1) GOPAC employee Angel Besta's reporting two positive *E. coli* test results instead of the actual five positive results from tests conducted by GOPAC on September 11, 2009 and her alleged motive for doing so; (2) GOPAC's labeling of meat products tested by GOPAC that tested positive for *E. coli*, which

---

[1] To the extent GOPAC filed an addendum to this Motion (Docket # 308), the Court intends to rule on deposition designation objections via a separate order.

GOPAC diverted to "cookers;" (3) whether GOPAC had adopted a new "hot day" protocol; and (4) GOPAC's termination of its employee, Staci McKee.

Fairbank opposes the Motion and argues that the four categories of evidence GOPAC seeks to exclude in fact constitute a scheme on the part of GOPAC and its employees to cover up positive *E. coli* test results and the fact that the meat GOPAC shipped on September 11, 2009 never should have left its facility without further testing. Fairbank asserts that this cover up scheme makes it more likely that GOPAC was the source of the contaminated meat in this case and that GOPAC violated industry standards and applicable regulations. GOPAC counters that Fairbank's alleged cover up scheme is not supported by the evidence and that any evidence presented to the jury regarding the alleged scheme will be irrelevant and unfairly prejudicial.

At this stage in the litigation, the Court cannot say that the evidence GOPAC seeks to exclude through this Motion is irrelevant or unfairly prejudicial. A proper Rule 403 balancing on the issues raised in GOPAC's Motion can only happen at trial. As to evidence related to Ms. Besta's erroneous reporting of two—rather than the actual five—positive *E. coli* test results, such evidence is relevant to whether GOPAC was the source of the contamination and whether GOPAC failed to comply with all applicable regulations, statutes, and industry practices as required by the Fairbank Guarantee. Moreover, the jury is entitled to hear evidence relating to Ms. Besta's reasons for her erroneous reporting.[2]

As to GOPAC's labeling of meat products shipped to cookers, the jury is entitled to hear evidence regarding GOPAC's labeling of meat products that tested positive for *E. coli* on September 11, 2009 that were then shipped to product cookers. As Fairbank claims, such evidence may be relevant to the issue of whether GOPAC violated the Fairbank Guarantee by committing intentional misconduct and/or operating outside industry practice. Of course, GOPAC may counter with evidence that its labeling practices conformed to industry standards and did not constitute intentional misconduct.

As evinced by their respective motions, the parties have differing views of GOPAC's "hot day" protocol as it existed on September 11, 2009. GOPAC argues that its misreporting of three positive tests and its handling of *E. coli* positive products did not violate company protocol

---

[2] The Court notes that it has issued a prior Order regarding the procedure to be used if personal emails or photos of Ms. Besta are used at trial. See October 4, 2011 Order on Motions in Limine (Docket # 296).

or industry standards. Fairbank argues that GOPAC violated its "hot day" protocol on September 11, 2009, in so doing violated industry standards, and, as a result, GOPAC shipped contaminated meat to Fairbank. These contested issues are relevant to whether GOPAC breached the Fairbank Guarantee. At this pre-trial stage, the Court does not see how the probative value is outweighed by any unfair prejudice.

Finally, GOPAC seeks to exclude evidence relating to the termination of its employee Staci McKee. GOPAC argues that her termination is irrelevant and an extraneous issue likely to distract the jury from relevant issues in the case. Fairbank asserts that Ms. McKee's termination is relevant to GOPAC's "hot day" program and whether GOPAC violated specific procedures under the program. The Court shares GOPAC's concern that any probative value of McKee's termination may be outweighed by all of Rule 403's countervailing considerations. Therefore, Fairbank shall not attempt to offer or publish to the jury evidence relating to Ms. McKee's termination without first making a proffer outside the hearing of the jury.

SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 25th day of October, 2011.