# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket no. 1:09-cv-592-GZS |
| | ) |
| FAIRBANK FARMS | ) |
| RECONSTRUCTION CORP., | ) |
| | ) |
| Defendant & Third-Party | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREATER OMAHA PACKING | ) |
| COMPANY, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

## ORDER ON MOTION IN LIMINE
## RE:  GOPAC FSIS Documents

Before the Court is the Motion in Limine to Exclude Evidence Relative to FSIS/GOPAC Documents (Docket # 281).  The Motion is hereby DENIED WITHOUT PREJUDICE to GOPAC reasserting any of its objections at the appropriate time during trial.[1]

Via this Motion, GOPAC seeks a pre-trial exclusion of evidence related to the evaluations undertaken by the United States Department of Agriculture's Food Safety and Inspection Service ("FSIS") arguing that the evidence is irrelevant and has not been properly authenticated.

With respect to the authentication argument, Fairbank's failure to timely utilize the Local Rule 44 process for self-authentication is not a basis for pre-trial exclusion.  In response to this motion, Fairbank indicates it is prepared to authenticate the documents in questions.  GOPAC is,

---

[1] To the extent that GOPAC filed an addendum to this Motion (Docket # 315), the Court intends to rule on deposition designation objections via a separate order.

of course, free to reassert any authenticity objection at trial should it believe Fairbank is seeking to admit documents that are not properly authenticated.

Similarly, based on Fairbank's response, the Court cannot say these documents are irrelevant or otherwise subject to wholesale exclusion under Rule 403. Rather, on the available record, it appears that the documents in question are relevant. GOPAC is free to reassert these objections at trial and the Court will have a more complete record on which to consider any Rule 403 argument.

Finally, GOPAC's Addendum seeks to exclude the introduction of evidence of its potential negligence or failure to meet relevant standards of care because GOPAC asserts that such evidence is not relevant to the issue of whether or not GOPAC was the source of the *E. coli* contamination at issue in this case. To the extent that evidence of GOPAC's negligence and failure to meet relevant standards of care relates to GOPAC's obligations under the Fairbank Guarantee, such evidence is clearly relevant to the jury's determination of whether GOPAC breached the Fairbank Guarantee, and, therefore, the Court sees no basis for exclusion of this evidence before trial.

Nothing in this ruling prevents the parties from reaching an agreement that neither side will seek to admit all or some FSIS documents, as suggested in Fairbank's Response. However, in the absence of an agreement, at trial, each side may move to admit FSIS documents and the opposing side is free to then argue any properly preserved objection to that exhibit. If the Court overrules those objections, the document will be admitted and will not be sealed.

SO ORDERED.

                                                       /s/ George Z. Singal
                                                       United States District Judge

Dated this 25th day of October, 2011.