UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:09-cv-592-GZS |
| | ) |
| FAIRBANK RECONSTRUCTION CORP., | ) |
| | ) |
| Defendant & Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREATER OMAHA PACKING COMPANY, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

**ORDER ON MOTION IN LIMINE**

**RE:  Deposition Designations**

Before the Court is the Motion in Limine Regarding GOPAC's Deposition Designations (Docket # 322).  The Court has also been provided various objections to Fairbank's Deposition Designations through Addenda filed by GOPAC (Docket # 308/309, 315/319).  All of GOPAC's Addenda seek to apply their Rule 402 and 403 objections that were generally denied without prejudice via two of the Court's Orders on Motions in Limine (Docket #s 351 & 352).  As detailed herein, Fairbank's Motion and GOPAC's Addenda are GRANTED IN PART & DENIED IN PART.

As Fairbank indicates in its Motion, the Court fully expects that the parties will edit their deposition designations to comply with any and all orders the Court has issued on other motions in limine.  To the extent the parties disagree as to what additional redactions are required by the Court's orders, they shall bring that issue to the Court's attention prior to the start of trial.  Absent the parties raising any specific issues, the Court will assume that the parties have

resolved what Fairbank titles its "General Objections" in accordance with the Court's orders on the various motions in limine.

The Court rules on specific objections presented by both Fairbank and GOPAC as follows:

**Bostwick:**  Fairbank's objection as to foundation for pages 37-39 is overruled.  The Court, however, notes that GOPAC should exclude from page 37, line 6 through line 20 in accordance with the Court's Order on Discovery Disputes (Docket # 350).  Based on the Court's complete review of the amended Bostwick Deposition Designation (Docket # 340 & 340-1), it appears that all of the other specific objections raised in GOPAC's Addenda have been resolved.

**Hank:**  GOPAC's objection as to lack of personal knowledge for page 9, lines 8-17 is sustained.  Based on GOPAC's Response (Docket # 336), the Court understands there to be no other remaining objections to the designated portions of this 30(b)(6) deposition.

**Kumpost:**  To the extent that GOPAC presented specific objections to this deposition testimony in its Addenda, the Court has received and reviewed an apparently amended deposition designation from Fairbank on October 21, 2011.  To the extent any objected-to portions remain designated, GOPAC's objections under F.R.E 402 and 403 are overruled and the Court will allow the deposition testimony to be presented as set out in the Kumpost designation most recently received by the Court.

**Shonka:**  To the extent that GOPAC presented specific objections to this deposition testimony in its Addenda, the Court has received and reviewed an apparently amended deposition designation from Fairbank on October 21, 2011.  Having reviewed the amended designation, the Court overrules any objections under F.R.E. 402 or 403 to the testimony highlighted in the amended designation.

**Zirnstein:**  With respect to GOPAC's objection to Fairbank's use of this deposition at trial where Zirnstein will appear as a live witness, the objection is overruled.  Dr. Zirnstein's deposition testimony remains admissible as an admission by a party opponent under F.R.E. 801(d)(2)(C).  (<u>See</u> Recommended Decision at 20.)  To the extent that GOPAC presented specific objections to this deposition testimony in its Addenda, the Court has received and reviewed an apparently amended deposition designation from Fairbank on October 21, 2011.  To the extent any objected-to portions remain designated, the objections are overruled and the Court

will allow the deposition testimony to be presented as set out in the Zirnstein designation most recently received by the Court.

**Koohmaraie:** With respect to GOPAC's objection to Fairbank's use of this deposition at trial where Zirnstein will appear as a live witness, the objection is sustained. The Court will reconsider this ruling if Fairbank makes a showing the Koohmaraie's deposition qualifies as an admission by a party opponent under F.R.E. 801(d)(2)(C), like Dr. Zirnstein's deposition, or otherwise qualifies for use under Federal Rule of Civil Procedure 32.

**McKee:** The Court has received and reviewed an apparently amended deposition designation from Fairbank on October 21, 2011. The designation includes reference to McKee's termination—an issue on which the Court previously reserved ruling. Having reviewed the McKee deposition designation in its entirety, the Court will not allow Fairbank to present McKee's testimony regarding her termination because the probative value of this testimony is substantially outweighed by the danger that the issues raised by McKee's termination will confuse the issues and mislead the jury.[1] As a result, the Court excludes the testimony designated on page 98, 100 and 127-28. To the extent GOPAC objects to other portions of McKee's testimony based on Rule 402 and 403, the objections are overruled.

**Lutz:** To the extent that GOPAC presented specific objections to this deposition testimony in its Addenda, the Court has received and reviewed an apparently amended deposition designation from Fairbank on October 21, 2011. The Court notes that neither side had designated Dr. Lutz as an expert witness. (See Fairbanks' Witness List (Docket # 286) & GOPAC's Witness List (Docket # 291).) To the extent that Dr. Lutz is testifying solely as an occurrence witness regarding her personal knowledge of Fairbank's operations as well as her role in the recall investigation, the Court will sustain GOPAC's objections and exclude the designated testimony on pages 348-49 as well as the designation from page 353, line 3 through through page 372, line 9. In the Court's assessment, the testimony on these pages would be relevant only if Dr. Lutz were testifying as an expert and providing opinions premised on the existence or absence of the conditions noted in the hypothetical questions. The Court alternatively concludes that the line of questioning contained on pages 353 through 372 is excludable under Rule 403.

---

[1] The Court would consider allowing GOPAC to impeach McKee with evidence of her termination. However, GOPAC is the party seeking to exclude this evidence.

In accordance with the Final Pretrial Order (Docket # 248), the Court believes it has resolved all of the remaining deposition issues. In order to streamline the presentation of evidence and avoid waste of time, the Court expects that the parties will queue up their deposition designation testimony in accordance with this Order and all of the applicable prior orders. The parties will not be allowed to present further belated objections regarding deposition designations during trial.

SO ORDERED.

                                           /s/ George Z. Singal  
                                           United States District Judge

Dated this 27th day of October, 2011.