# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARGARET LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:09-cv-592-GZS |
| | ) |
| FAIRBANK RECONSTRUCTION CORP., | ) |
| | ) |
| Defendant & Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREATER OMAHA PACKING COMPANY, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

## ORDER ON MOTION FOR RECONSIDERATION
### RE: Zirnstein Deposition Testimony

Before the Court is the Motion to Reconsider Order on Motion in Limine Re: Deposition Designations (Docket # 355). The Motion is hereby DENIED.

By this Motion, GOPAC asks the Court to reconsider its prior order overruling GOPAC's general objection to Fairbank's offering deposition testimony of Dr. Zirnstein at trial. Although GOPAC's prior objection was based on the assertion that Dr. Zirnstein would appear at trial as a live witness, GOPAC now reports that on October 17, 2011 it informed Fairbank that it was withdrawing Dr. Zirnstein as an expert and, as a result, he will not appear at trial.[1] In light of this factual change, GOPAC asserts Zirnstein's deposition testimony is not an admission by a party opponent under Federal Rule of Evidence 801(d)(2)(C). (See Recommended Decision at 20 & n. 18.)

---

[1] The Court notes that GOPAC made no effort to inform the Court of this change until it filed the present motion on October 28, 2011.

Fairbank responds that Zirnstein's deposition may be used pursuant to Federal Rule of Civil Procedure 32(a)(4)(B) or (D).  So long as Fairbank can establish that Zirnstein is absent from trial and that Fairbank has been unable to procure Dr. Zirnstein's attendance, Fairbank may seek to admit Dr. Zirnstein's deposition testimony under the cited Federal Rules of Civil Procedure and Federal Rule of Evidence 804(b)(1).  Thus, assuming arguendo that GOPAC's withdrawal of Dr. Zirnstein as an expert for trial changes the analysis of whether his testimony qualifies as an admission by a party opponent under Federal Rule of Evidence 801(d)(2)(C), this change in circumstances opens the door to admitting Dr. Zirnstein's testimony as the former testimony of an unavailable witness.

Having reconsidered the issue based on the error of fact that was belatedly brought to the Court's attention, the Court hereby DENIES the Motion for Reconsideration.

In a footnote, GOPAC alternatively argues that the Court should at least exclude testimony regarding the fact that Dr. Zirnstein was initially retained and designated by GOPAC.  In the Court's assessment, this information is relevant to the issue of Dr. Zirnstein's credibility and otherwise admissible under Rule 403.  Further, at this late stage, it appears impossible to separate out from the questions and answers in the deposition Dr. Zirnstein's connection to GOPAC while still retaining any coherence to the deposition contents.  Therefore, the Court will allow testimony on this issue to the extent it is a part of the testimony previously designated by Fairbank.  To the extent that GOPAC will seek to counter designate portions of Dr. Zirnstein's deposition testimony for trial in light of this ruling, it must provide any counter designation to Fairbank before the start of trial.

SO ORDERED.

          /s/ George Z. Singal
          United States District Judge

Dated this 31st day of October, 2011.