**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | | |
|---|---|---|
| MARGARET LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket no. 1:09-cv-592-GZS |
| | ) | |
| FAIRBANK FARMS | ) | |
| RECONSTRUCTION CORP., | ) | |
| | ) | |
| Defendant & Third-Party | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREATER OMAHA PACKING | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| ALICE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAIRBANK FARMS | ) | |
| RECONSTRUCTION CORP., | ) | |
| | ) | Docket no. 2:10-cv-60-GZS |
| Defendant & Third-Party | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREATER OMAHA PACKING | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

## ORDER & REPORT OF CONFERENCE

On November 16, 2011, the Court held a telephonic conference of counsel in order to queue up all of the remaining items to be addressed following the jury verdict. The following counsel of record were in attendance:

| **For Third-Party Plaintiff:** | **For Third-Party Defendant:** |
|---|---|
| Paul Catsos, Esq. | Alison Denham, Esq. |
| Ralph Weber, Esq. | David Patterson Gloor, Esq. |
| Shawn Stevens, Esq. | Stephen Ellenbecker, Esq. |

Initially, Third-Party Plaintiff Fairbank Reconstruction Corporation agreed that it would not seek reinstatement of the Order to Show Cause (*Long* Docket # 166/*Smith* Docket # 143). Therefore, the Court hereby finally terminates these Orders to Show Cause.

During trial the parties had indicated on the record their agreement to have any remaining issues involving attorneys' fees and costs resolved by the Court. At that time, the Court indicated the procedure for attorneys' fees in both *Long* and *Smith* would be determined post-trial if there was a verdict in favor of Fairbank. At today's conference, the parties further agreed that the timing for the filing Fairbank's request for attorneys' fees would be governed by District of Maine Local Rule 54.2.

To the extent that GOPAC has reserved the right to seek discovery on the issue of attorneys' fees, GOPAC may respond to Fairbank's motion for attorneys' fees by timely filing a motion for discovery that is tailored to Fairbank's motion and specifies the issues and type of discovery it is seeking. Any motion for discovery will be fully briefed and decided prior to the completion of briefing on the motion for attorneys' fees.

In order to streamline the process for filing of any post-trial motions, the *Long* Docket (1:09-cv-592-GZS) will continue to be designated as the lead docket for purposes of all post-trial motions. Thus, all future post-trial-related filings shall be filed <u>only</u> on the *Long* Docket absent a party seeking leave to make a separate filing on the *Smith* docket.

Counsel and interested parties reviewing Docket No. 2:10-cv-60-GZS (the *Smith* Docket) are hereby directed to the *Long* Docket (Docket # 1:09-cv-592-GZS) to review post-trial-related submissions, orders and docket entries made on or after November 16, 2011. The Court considers all of the post-judgment docket entries found on the *Long* Docket following entry of this Order to be incorporated into the *Smith* Docket for purposes of any later motion or appeal.

SO ORDERED.

       /s/ George Z. Singal
       United States District Judge

Dated this 16th day of November, 2011.