**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

MARGARET LONG,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Docket no. 1:09-cv-592-GZS
                                  )
FAIRBANK FARMS                    )
RECONSTRUCTION CORP.,             )
                                  )
        Defendant & Third-Party   )
        Plaintiff,                )
                                  )
v.                                )
                                  )
GREATER OMAHA PACKING             )
COMPANY, INC.,                    )
                                  )
        Third-Party Defendant.    )


**PROCEDURAL ORDER & REPORT OF CONFERENCE**


On March 28, 2013, the Court held a conference of counsel to discuss how to proceed on

the pending Application for Attorneys' Fees & Costs (ECF No. 416).  Attorneys Ralph Weber

and Paul Catsos appeared in-person and Attorneys Shawn Stevens and Michael Carter appeared

telephonically for Fairbank Reconstruction Corporation ("Fairbank").  Attorneys Alison Denham

and Stephen Ellenbecker appeared in-person for Greater Omaha Packing Company ("GOPAC").

Having considered counsels' arguments and representations, the Court now ORDERS as follows:


(1)  Fairbank's Application for Attorneys' Fees & Costs (ECF No. 416) is hereby DENIED

     WITHOUT PREJUDICE.  With the agreement of counsel, any renewed application for

     attorney's fees filed in accordance with this Order (and any other later related orders

     entered by this Court) shall be deemed a timely fee request.

(2) Within thirty days of this Order, Fairbank shall file a renewed application for attorneys' fees and costs.  To the extent the renewed application relies on materials that were previously filed with the May 2012 Application (ECF No. 416), Fairbank need not re-file those materials and may simply cite to its prior exhibits.  Fairbank's renewed application shall include an estimate of the requested prejudgment interest due as of the date of the filing of the renewed motion.  Fairbank shall provide a courtesy copy of all of the exhibits that support its renewed request, including the exhibits previously filed as attachments to ECF No. 416, to the Court on either CD or paper.

(3) Within twenty-one days of the filing of Fairbank's renewed application, GOPAC may choose to initially respond by serving on Fairbank up to twenty (20) written interrogatories, including all discrete subparts.  Said interrogatories shall be solely focused on issues raised in Fairbank's renewed fee request, including any commingling of fees incurred in the *Long* and *Smith* cases with any other Northeast Outbreak cases or other work done on behalf of Fairbank Reconstruction Corporation.  If GOPAC chooses to forego any interrogatories, its response to the renewed application for attorney's fees shall be filed within thirty days of the filing of Fairbank's renewed application.

(4) Fairbank shall respond to any interrogatories served by GOPAC within thirty days in accordance with the basic procedure laid out in Federal Rule of Civil Procedure 33(b) & (d).  Within twenty-one days of receiving Fairbank's responses to GOPAC's fee-related interrogatories, GOPAC shall file any objection to Fairbank's renewed application for attorney's fees.  To the extent that GOPAC has any objections to the interrogatory responses it received from Fairbank, those objections shall be raised in the response to the renewed application.  The Court will not hold any discovery conferences or allow any further discovery until GOPAC has submitted its written response to Fairbank's renewed fee request.  Upon review of that response, the Court will consider allowing any further discovery or further compelled responses to any interrogatory only if GOPAC's response to the renewed application provides a specified showing as to how compelling a further response or allowing further discovery would provide a basis for limiting the amount or type of fees sought in the renewed application.

(5) A reply memorandum to the fee request may be submitted in accordance with Local Rule 7.

(6) Fairbank is hereby placed on notice that the Court may require it to submit *in camera* unredacted copies of any legal billing records in order to make a final determination that any commingled fees have been adequately and reasonably excluded from the renewed fee request.  The Court will make a final determination as to whether such an *in camera* submission will be required after the renewed application for attorney's fees is fully briefed.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 28th day of March, 2013.

3